| | | |
|---|---|---|
| AOC-E-105  Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice   Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **20-CI-00485**<br>Court: **CIRCUIT**<br>County: **GREENUP** |

*Plantiff,* **WILSON, ANTHONY VS. THE LINCOLN NATIONAL LIFE INSURANCE CO.,** *Defendant*

TO: **CORPORATION SERVICE COMPANY**
   **421 WEST MAIN STREET**
   **FRANKFORT, KY 40601**

Memo: Related party is THE LINCOLN NATIONAL LIFE INSURANCE CO.

The Commonwealth of Kentucky to Defendant:
**THE LINCOLN NATIONAL LIFE INSURANCE CO.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Allen K. Reed, Greenup
Circuit Clerk
Date: **12/21/2020**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20____        _____
                                    Served By

                                    _____
                                    Title

Summons ID: 303733620912474@00000082571
CIRCUIT: 20-CI-00485 Certified Mail
WILSON, ANTHONY VS. THE LINCOLN NATIONAL LIFE INSURANCE CO.



Page 1 of 1

EXHIBIT
   A



Package:000002 of 000007   Presiding Judge: HON. ROBERT CONLEY (620263)   Package : 000002 of 000007

COMMONWEALTH OF KENTUCKY
GREENUP CIRCUIT COURT
CIVIL ACTION NO. _____
*Electronically Filed*

ANTHONY WILSON                                                                 PLAINTIFF

vs.                                    **COMPLAINT**

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY                    DEFENDANT

    **To be served through:**
    Corporation Service Company
    421 West Main Street
    Frankfort, KY 40601

    \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Comes the Plaintiff, Anthony Wilson, and for his Complaint against Defendant The Lincoln National Life Insurance Company ("Lincoln National"), states as follows:

1. Plaintiff Anthony Wilson is a citizen and resident of Greenup County, Kentucky.

2. Defendant Lincoln National is an insurance company domiciled in the state of Indiana, where it is a citizen and resident, with a statutory home office located at 1300 South Clinton Street, Fort Wayne, Indiana 46802.

3. Lincoln National is authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority.

4. Lincoln National's service of process agent is Corporation Service Company, 421 West Main Street Frankfort, Kentucky 40601, and Lincoln National may be served upon said service of process agent.

5. Jurisdiction and venue are proper in this Court because Defendant transacts business and caused damages in the Commonwealth of Kentucky, and Plaintiff resides in, and was caused harm in, Greenup County, Kentucky.

6. At the time of the circumstances giving rise to this lawsuit, Plaintiff was an employee of CSXTransportation employed as a Railroad Engineer.

7. Brotherhood of Locomotive Engineers and Trainmen CSXWestern Lines 781 established and provided a short-term disability ("STD") Plan to employees, which includes Plaintiff. The policy number is believed to be 0000101992O9.

8. Plaintiff was covered and eligible under the STD Plan.

9. The STD Plan entitles employees to a percentage of their predisability earnings upon satisfaction of the terms of the policy.

10. The STD policy defines disability and entitles Plaintiff to receive STD benefits if Plaintiff meets the following definition:

> **TOTAL DISABILITY or TOTALLY DISABLED** means the Insured Person's inability, due to Sickness or Injury, to perform each of the Main Duties of his or her Own Occupation. The loss of a professional license, an occupational license or certification, or a driver's license for any reason does **not**, by itself, constitute Total Disability.

11. Defendant has a responsibility for payment of any disability benefits due according to the terms and conditions of the STD policy.

12. Plaintiff, while working for CSXTransportation, became disabled under the terms of the STD policy, which disability arose after the Effective Date of the STD policy, and he was unable to return to work as a Conductor for CSXTransportation since on or about February 13, 2016, and remains disabled under the terms of the STD policy.

13. Plaintiff timely and properly submitted a claim to Defendant, consistent with the terms of the STD policy. Plaintiff's STD claim number is believed to be 1160018330.

14. By letter dated February 26, 2016, Defendant approved Plaintiff's claim for STD benefits with benefits effective February 13, 2016. Plaintiff received STD benefits through July 26, 2016.

2

15. By letter dated September 13, 2016, Defendant denied Plaintiff's claim for STD benefits under the policy beyond July 26, 2016.

16. On or about December 6, 2016, Plaintiff timely and properly appealed the denial of his STD benefits, in the manner set forth in the applicable policy.

17. By letter dated January 23, 2017, Defendant upheld the denial of Plaintiff's claim for STD benefits.

18. On or about April 10, 2017, Plaintiff timely and properly appealed the denial of his STD benefits, in the manner set forth in the applicable policy.

19. By letter dated May 22, 2017, Defendant upheld the denial of Plaintiff's claim for STD benefits.

20. The May 22, 2017 letter stated Plaintiff has "eXhausted all rights of appeal, and [his] administrative file is now closed."

21. Plaintiff has been deemed disabled and approved for benefits by the U.S. Railroad Retirement Board.

22. Plaintiff is entitled to payment of STD benefits, as Plaintiff meets the definition of "total disability" and "totally disabled" under the terms of the applicable policy, and Defendant should be required to perform under its contract and pay benefits to Plaintiff.

23. The STD insurance is an employee benefit governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

24. Plaintiff has timely and properly exhausted any required administrative remedies and appeals.

## COUNT I

25. Plaintiff incorporates by reference all of the preceding paragraphs as if fully stated herein.

26. This count is brought under ERISA pursuant to 29 U.S.C. § 1132(a)(1)(B) as a result of Defendant's improper denials of benefits under the applicable plan and to recover benefits under the terms of the plan.

27. Defendant's decision to terminate benefits, and its refusal to approve benefits after receiving additional evidence on appeals, was wrong, arbitrary and capricious, against the evidence provided to Defendant, and a breach of fiduciary duty, all of which entitles Plaintiff to benefits under the terms of the plan, interest, and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and (g).

28. Lincoln National has an inherent conflict of interest because it not only is the entity responsible for paying benefits to Plaintiff, but it is also the entity that makes the determination of whether Plaintiff qualifies for those benefits.

29. Lincoln National employed medical professionals, specifically nurses, to review Plaintiff's claim and used these file review reports to support its denials of benefits. The nurses employed by Lincoln National did not examine Plaintiff.

30. Lincoln National's review process lacked due process to Plaintiff.

31. Lincoln National's review process was biased in favor of Lincoln National.

32. Defendant's internal review is not subject to abuse of discretion review, and Plaintiff's claim should be reviewed de novo.

33. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff demands the following relief:

Judgment against Defendant for full contractual benefits under 29 U.S.C. § 1132(a)(1)(B) and attorney's fees and interest under 29 U.S.C. § 1132(g) pursuant to ERISA.

Filed    20-CI-00485    12/21/2020    Allen K. Reed, Greenup Circuit Clerk

Respectfully submitted:

*/s/ Elizabeth A. Thornsbury*
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
M. AUSTIN MEHR
Email: amehr@austinmehr.com
**Mehr, Fairbanks & Peterson
Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Counsel for Plaintiff*

Package: 000007 of 000007    Presiding Judge: HON. ROBERT CONLEY (620263)    Package: 000007 of 000007

5

Filed    20-CI-00485    12/21/2020    Allen K. Reed, Greenup Circuit Clerk